# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOWAYNE MOLINA, *Petitioner,* v. WARDEN MCFADDEN, et al., *Respondents.* | CIVIL ACTION NO. 19-6110 |

**PAPPERT, J.**                                                                                           June 21, 2021

### MEMORANDUM

Dowayne Molina is awaiting trial in Chester County and, representing himself, seeks a writ of habeas corpus. Magistrate Judge Henry S. Perkin issued a Report and Recommendation recommending denial. After the R&R was issued, Molina filed a "Motion to 'Appeal' Judge Pappert's Decision to Deny my Civil Habeas Petition." (Identical copies docketed at ECF 20 and ECF 21). The Court construes the motion as objections to the R&R, overrules them, adopts the R&R and dismisses Molina's petition without prejudice for failure to exhaust.

I

In his initial petition, filed on a standard form for habeas claims brought under 28 U.S.C. § 2254, Molina identified *Commonwealth v. Molina*, CP-15-CR-0001313-2018 (Ct. Comm. Pleas Chester Cnty.) as the state case underlying his claims. (ECF 2, ¶ 2(b).) The Court directed him to refile his petition as one for a claim under 28 U.S.C. § 2241 because the underlying case is pending and Molina sought to challenge the

legality of something other than a conviction.[1]  (*See* ECF 4.)  He did.  (ECF 6.)

In the case underlying his petition (CR-1313-18), police executed a search warrant on Molina's girlfriend's house and charged him with two counts of Possession with Intent to Manufacture or Deliver a Controlled Substance (35 P.S. § 780-113); Possession of Firearm Prohibited (18 Pa. C.S.A. § 6105); Animal Fighting – Knowingly Permit Under Control (18 Pa. C.S.A. § 5543); Possession of Drug Paraphernalia (35 Pa. P.S. § 780-113); Animal Fighting Paraphernalia (18 Pa. C.S.A. § 5544.); and Cruelty to Animals (18 Pa. C.S.A. § 5533).  Police obtained the warrant after observing an injured dog in a vehicle Molina was driving when he was pulled over for allegedly failing to observe a stop sign.  He was released from the traffic stop with a warning, but police seized the dog and a veterinary examination allegedly revealed a pattern of injuries consistent with dogfighting.  As a result, police initiated an investigation into Molina's possible connection to dogfighting and obtained and executed the warrant.

In a related case arising out of the traffic stop, Molina was charged with Animal Fighting for Amusement or Gain (18 Pa. C.S.A. § 5543); Cruelty to Animals (18 Pa. C.S.A. § 5533); Neglect of Animals – Vet Care (18 Pa. C.S.A. § 5532); and Aggravated Cruelty to Animals Causing Serious Bodily Injury or Death (18 Pa. C.S.A. § 5534).  *See*

---

[1]  Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from someone who "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3) (emphasis added). A petitioner will only be considered "in custody" for habeas purposes where he is "subject both to significant restraints on liberty . . . which are not shared by the public generally, along with some type of continuing governmental supervision." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citation and internal quotation omitted). A review of the docket for CR-1313-18 suggests Molina posted bail on April 19, 2021. The docket for related case, CP-15-CR-0001468-2018, indicates he posted bail on April 16, 2021. "[T]he Supreme Court has held that a person out on bail is still in custody for purposes of the habeas corpus statute." *Caldwell v. Byrne*, No. 20-223, 2020 WL 6122064, at *2 (E.D. Pa. June 29, 2020), report and recommendation adopted, No. 20-223, 2020 WL 6118819 (E.D. Pa. Oct. 16, 2020) (citing *Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973).

*Commonwealth v. Molina*, CP-15-CR-0001468-2018 (Ct. Comm. Pleas Chester Cnty.). Neither case has gone to trial.

Molina waived a preliminary hearing on the charges in CR-1313-18.[2] On October 4, 2018, his attorney filed Omnibus Pretrial Motions in both of his cases. (Resp'ts App'x C & D, ECF 11-1 at ECF p. 26-36.) In CR-1313-18, Molina moved to suppress the search warrant on his girlfriend's house and sought habeas relief, arguing the residence did "not belong to" him and there were no ties between him and a firearm and drugs found during the warrant's execution. (*Id.* at ECF p. 26-29.) He also questioned the sufficiency of the Commonwealth's findings that dogs found with scratches and cuts had injuries "suffered due to dog fighting." (*Id.* at ECF p. 29.) In CR-1468-18, Molina moved to suppress evidence derived from the vehicle stop and sought habeas relief arguing he did not own the vehicle he was driving or the dog that was in the car. (*Id.* at ECF p. 32-35.)

Judge David F. Bortner held a hearing on the motions on March 19, 2019 and, in CR-1313-18, issued an order denying the motion to the extent it sought to suppress evidence obtained from execution of the search warrant, which Molina argued was not supported by probable cause. (Resp'ts App'x E, ECF 11-1 at ECF p. 38-40.) He did not rule on Molina's request for habeas relief in the case, explaining that although Molina had "raised a habeas corpus challenge in th[e] omnibus motion," at the hearing, "the parties agreed the court was only to address the search warrant issue . . . ." (*Id.* at ECF

---

[2] He was represented by counsel at the time. Pennsylvania Rule of Criminal Procedure 541 provides that a represented defendant who waives a preliminary hearing "thereafter is precluded from raising the sufficiency of the Commonwealth's *prima facie* case unless the parties have agreed at the time of the waiver that the defendant later may challenge the sufficiency." Pa. R. Crim. P. 541(A)(1). It is unclear whether there was such an agreement in place at the time of the waiver.

3

p. 41 n.1.) Judge Bortner denied Molina's request for habeas relief in CR-1468-18, finding the Commonwealth had sustained its prima facie burden to show the dog discovered during the traffic stop had injuries consistent with dogfighting "[b]y linking the condition of the dog at the traffic stop to the further investigation into [Molina's] possible dogfighting activities." (*Id.* at ECF p. 45-46 n.1.) Judge Bortner also denied the motion seeking to suppress evidence obtained during the traffic stop. (*Id.* at ECF p. 45 n.1.)

Although Molina was then represented by counsel, he filed a *pro se* motion for a rehearing of his pretrial motions on May 23, 2019. (Resp'ts App'x E, ECF 11-1 at 48-50.) Because Molina's attorney did not join in the motion, Judge Bortner did not address it before Molina filed this case.[3] Since then, Molina's trials in both cases have been continued numerous times, at least in part because of the suspension of normal court operations due to the COVID-19 pandemic.

In his habeas petition, Molina complains about the trial court's failure to rule on his state court habeas claim. (*See* ECF 6 at ECF p. 3; *see also* ECF 2 at ECF p. 3.) He reiterates this claim in his "motion" seeking to rebut the Commonwealth's response to his petition and also complains about the state court's decision to deny his motions seeking to suppress evidence derived from the traffic stop and execution of the warrant.[4] (Pet'r Mot. to Rebut, ECF 19.) On May 1, 2020, Judge Perkin recommended

---

[3] Under Pennsylvania law, there is no right to hybrid representation at trial or on appeal. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion."); *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation . . . .").

[4] Respondents filed a response to Molina's petition on March 28, 2020. (ECF 11.) Molina filed a "Motion to Rebut the Commonwealth's Answer to Petition for Writ of Habeas Corpus," which was postmarked on April 3, 2020, but – ostensibly due to the circumstances of the COVID-19 pandemic –

denial of his petition without prejudice, finding Molina had yet to exhaust his state court remedies. (R&R, ECF 14 at 7.) Molina objects, arguing his rights under the Fourth, Eighth and Fourteenth Amendments have been violated by the state court's decision to keep open his state habeas corpus motion in CR-1313-18. (Pet'r Obj., ECF 20, ¶¶ 6-8.)

II

The Court reviews de novo the specific portions of the R&R to which Molina objects and "may accept, reject, or modify" Judge Reuter's conclusions "in whole or in part." 28 U.S.C. § 636(b)(1)(c); *see also* Fed. R. Civ. P. 72(b)(3).

Although 28 U.S.C. § 2241 provides federal courts with "pre-trial" habeas corpus jurisdiction, it "must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 445-46 (3d Cir. 1975)). Comity, a "principle of deference and 'proper respect' for state governmental functions in our federal system" requires the Court to exercise restraint in cases involving pending state criminal proceedings. *Evans v. Court of Common Pleas Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37, 44). "[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). Section 2241 is not ordinarily a "proper vehicle" to challenge "detention pending trial." *Reese v.*

---

not docketed until June 22, 2020 (ECF 19), after Judge Perkin issued his May 1, 2020 R&R. (ECF 14.) The Court has considered Molina's "Motion to Rebut" in reaching this decision and finds it does not require a different outcome than the one Judge Perkin recommended.

5

*Warden Phila. FDC*, 904 F.3d 244, 247 (3d Cir. 2018). Moreover, when a petitioner seeks to "challenge the charges against him," he should "do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition." *Id.*

Molina must prove exhaustion of all available state remedies. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is a burden he has not met. Although he complains his state court request for habeas relief was "illegal[l]y postponed by the DA and the Judge," (Pet'r Mot. to Rebut, ECF 19, at 4), he has not presented this claim (or his claims challenging Judge Bortner's suppression determinations) first "to the state's highest court for consideration." *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *see also Evans v. Court of Comm. Pleas*, 959 F.2d 1277, 1230 (3d Cir. 1992) ("a claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court"). Nor has he shown he has unsuccessfully made "repeated demands" in the state courts to be promptly brought to trial. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) (finding the petitioner had exhausted all available state court remedies by making "repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial"). Molina has not established "further state litigation would be futile." *Lambert*, 134 F.3d at 517. And he has not demonstrated any "delay, harassment, bad faith, . . . other intentional activity" or other "exceptional circumstance" that warrants "pre-trial, pre-exhaustion habeas corpus relief" during the pendency of his ongoing state court proceedings. *Id.* at 513 (3d Cir. 1997).

Because Molina has not "made a substantial showing of the denial of a

constitutional right," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), there is no basis to issue a certificate of appealability.

An appropriate Order follows.

                                                        BY THE COURT:

                                                        */s/ Gerald J. Pappert*
                                                        GERALD J. PAPPERT, J.